**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| B.H., AN INDIVIDUAL,<br><br>Plaintiff,<br><br>JSK PRINCETON LLC,<br><br>Defendant | CIVIL ACTION NO:<br><br><br>**COMPLAINT** |

COMES NOW the Plaintiff B.H, by and through the undersigned counsel, and respectfully submits her complaint for damages and makes the following averments.

## INTRODUCTION

1.      This action for damages is brought by B.H. ("Plaintiff"), a survivor of sex trafficking, under the Federal William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008 ("TVPRA"), 18 U.S.C. § 1595.

2.      JSK PRINCETON LLC ("Defendant") was a hotel owner, hotel operator, franchisee, manager, and/or supervisor of the subject premises and subject hotel, d/b/a Red Roof Inn, located at 3203 US Highway 1 Lawrenceville, NJ 08648-2409, during the relevant time period, and prior thereto, and as such responsible for the subject hotel during the time period Plaintiff was sex trafficked on said premises.

3.      During the relevant time period, Defendant was owner of the subject premises located at 3203 US Highway 1 Lawrenceville, NJ 08648-2409.

4.      Sex trafficking is defined under 22 U.S.C. § 7102 (11) as "The recruitment, harboring, transportation, provision, obtaining, patronizing, or soliciting of a person for the purposes of a commercial sex act, in which the commercial sex act is induced by force, fraud, or

coercion, or in which the person induced to perform such an act has not attained 18 years of age."

5.      Plaintiff meets the definition of a sex trafficking victim as she was induced by force, fraud, and coercion by her trafficker(s) to engage in commercial sex at the subject hotel in 2017 through and inclusive of January 2018. She was psychologically and physically prohibited from escape from her trafficker.

6.    Plaintiff further meets the definition of a sex trafficking victim as Plaintiff was a minor (born in 2000) induced to perform sex acts by her trafficker(s) at the subject hotel before she had attained 18 years of age.

7.      The Trafficking Victims Protections Reauthorization Act ("TVPRA") provides a civil remedy for victims of a violation of the act. Section 1595 of the TVPRA provides that "[a]n individual who is a victim of a violation of this chapter may bring a civil action against the perpetrator (or whoever knowingly benefits, financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act in violation of this chapter) in an appropriate district court of the United States and may recover damages and reasonable attorney's fees." 18 U.S.C. § 1595.

8.      As it pertains to the subject Defendant, Plaintiff was sex trafficked at the aforesaid hotel by her trafficker in 2017 through and inclusive of January 2018.

9.      Sex trafficking occurred at this subject hotel in 2017 and, upon information and belief, prior thereto.

10.      As a hotel owner and hotel operator, Defendant controlled the training, policies, and decisions on implementation and execution of anti-trafficking policies, protocol, rules and guidelines for its subject property where Plaintiff was sex trafficked.

11.      The passage of the TVPA in 2000 and the passage of the TVPRA in 2008 as well

as numerous other legislative initiatives, put the Defendant on notice of the high likelihood of these illegal acts occurring on the subject hotel premises which, at a minimum, warranted them to be all the more vigilant and proactive in preventing this conduct.

12.     Years before Plaintiff was trafficked, Defendant knew or should have known of the critical role that the hotel industry plays in enabling the sex trade industry and of the widespread national epidemic of hotel/motel sex trafficking. By 2012, training guides and videos were available through the American Hotel Lodging Association (AHLA) and ECPAT-USA and via other resources.

13.     Before and during the relevant time period Defendant failed to implement sufficient educational and training programs on sex trafficking within its business chain of command, as well as failed to implement policies for preventing, identifying, reporting, documenting, investigating, and stopping sex trafficking at the subject hotel.

14.     During the time period of trafficking of the Plaintiff at the subject hotel which occurred in 2017 through and inclusive of January 2018, Defendant failed to act upon the obvious and overt signs alerting them to the sex trafficking taking place at this subject hotel including as to Plaintiff herein and in violation of the TVPRA.

15.     Had the Defendant timely and properly implemented policies and procedures common and reasonably accepted in the hospitality industry concerning anti-trafficking, safety and security it is more likely than not that the injuries suffered by the Plaintiff at the subject hotel would have been prevented or mitigated.

16.     Due to the failure of Defendant to timely and properly implement anti-trafficking policies and practices, Plaintiff was repeatedly victimized and trafficked for sex on Defendant's premises in violation of the TVPRA.

## PARTIES

17.     Due to the sensitive, private, and potentially retaliatory nature of the allegations herein, Plaintiff's name and address is not contained in this Complaint to protect the safety, privacy and identity of this subject sex trafficked victim. Nationwide similarly situated Plaintiffs have proceeded by pseudonym or by their initials due to the foregoing.

18.     Plaintiff is currently a resident of New Jersey.

19.     Plaintiff was born in 2000.

20.     At all times relevant and material, Defendant JSK PRINCETON LLC owned and operated a hotel d/b/a The Red Roof Inn located at 3203 US Highway 1 Lawrenceville, NJ 08648-2409 and was authorized to do, licensed to do, and was doing business in the State of Illinois offering the subject hotel as a place of public lodging.

21.     The principal place of business of Defendant JSK PRINCETON LLC is 3203 US Highway 1 Lawrenceville, NJ 08648-2409.

22.     Defendant's Registered Agent's address is 25 Glenn Oaks Court, Old Bridge NJ 08857.

## JURISDICTION AND VENUE

23.     This Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this action arises under the Constitution, laws, or treaties of the United States, namely 18 U.S.C. § 1595.

24.     Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the Count asserted in this action occurred in the judicial district where this action was brought, and Defendant conducts business within this

District pursuant to 28 U.S.C. § 1391(b).

## CAUSE OF ACTION

### A.  VIOLATION OF 18 U.S.C. § 1595 ("TVPRA")

25.      Plaintiff sets forth an action for violation of 18 U.S.C § 1595 as against the above-captioned Defendant.

26.      Plaintiff is a "victim" of sex trafficking as protected under applicable provisions of the TVPRA.

27.       Plaintiff further meets the definition of a sex trafficking victim as Plaintiff was a minor induced to perform sex acts by her traffickers at the subject hotel before she had attained 18 years of age.

28.       A trafficker of Plaintiff was sentenced to fifty (50) years in State Prison after being convicted at trial of first-degree human trafficking and other charges, for forcing a girl, 17 years old, to engage in prostitution at hotels in Mercer County, N.J.

29.      Another trafficker of Plaintiff pleaded guilty to second-degree conspiracy and was sentenced to five years in prison in November 2019.

30.      As it pertains to this Defendant, Plaintiff was sex trafficked at 3203 US Highway 1 Lawrenceville, NJ 08648-2409 at a hotel d/b/a Red Roof Inn in 2017 through and inclusive of January 2018.

31.      Section 1591 of the TVPRA criminalizes sex trafficking of adults by force, fraud or coercion. See 18 U.S.C. § 1591. Separately, §1595 of the TVPRA provides individuals who are victims of sex trafficking with a civil remedy against the traffickers or the beneficiaries of the sex trafficking crime. See 18 U.S.C. §1595(a). More specifically, §1595 provides for three

distinct causes of action: (1) a claim against the trafficker who directly violated §1591(a)(1) – a criminal statute; (2) a beneficiary claim against the trafficker who directly violated §1591(a)(2) – a criminal statute; and (3) a beneficiary claim against a civil defendant who did not violate §1591, but who "knowingly benefit[ed], financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act in violation of this chapter." 18 U.S.C. § 1595(a); the subject lawsuit is applicable to prong three, i.e. a beneficiary claim against a civil defendant.

32.     In order to induce Plaintiff by force, fraud and coercion to engage in sex with sex buyers at the subject hotel, her traffickers used various means to do so including (a) traffickers utilizing physical and verbal abuse on and as to Plaintiff and at times in plain sight and earshot of defendant's staff; (b) traffickers instilled in Plaintiff the fear of severe bodily injury and/or fear of death if trafficker's directives were not complied with; (c) psychological coercion; (d) withholding Plaintiff's identifying document(s); and (e) other means of force, fraud and coercion used by the trafficker of Plaintiff to induce her to have sex with sex buyers at the subject hotel.

33.     Defendant knowingly benefited from the sex trafficking of Plaintiff at the subject hotel by receiving payment for the room(s) rented by her traffickers (or at the direction of her traffickers) that were used for sex trafficking, including as to the Plaintiff, in violation of the TVPRA in 2017 through and inclusive of January 2018.

34.     Defendant rented room(s) to individuals it knew or should have known were engaged in the sex trafficking, and of Plaintiff in particular, in violation of the TVPRA.

35.     The rental of a hotel room constitutes a financial benefit from a relationship with the trafficker sufficient to meet "financially benefitted" element of the §1595(a) standard.

36.     Plaintiff's traffickers took proceeds derived from the sex trafficking occurring on

the subject premises to continue to pay for room(s) rented at the subject hotel during the time that Plaintiff was being sex trafficked there in violation of the TVPRA.

37.     In addition, Defendant received other financial benefit including, but not limited to, from Wi-Fi which, in part, enabled the subject sex trafficking to occur (as Plaintiff was advertised by her traffickers online) and from such Wi-Fi service Defendant, upon information and belief, received financial benefit.

38.     Defendant participated in a venture by operating the subject hotel that rented rooms to individuals that Defendant knew or should have known were involved in sex-trafficking, including as to the Plaintiff herein, in violation of the TVPRA.

39.     During the time that Plaintiff was trafficked at the subject hotel in 2017 through and inclusive of January 2018, Plaintiff's trafficker(s) had direct interaction with hotel employee(s) and staff by means of paying, befriending, or compensating employee(s) and staff member(s) to act as lookout(s)/informant(s) for Plaintiff's trafficker so as to inform the trafficker of police activity or other similar type alerts.

40.     In this case, during the relevant time period alleged herein, Defendant took part in a common undertaking or enterprise involving risk and potential profit with Plaintiff's trafficker(s) that violated the TVPRA.

41.     Operating a hotel and renting out rooms is an enterprise involving risk and potential profit.

42.     Defendant operating the subject hotel and renting out rooms to Plaintiff's trafficker(s) was an enterprise involving risk and potential profit.

43.     Defendant operating the subject hotel and renting out rooms to Plaintiff's

traffickers was an enterprise involving risk and potential profit which violated the TVPRA as to the Plaintiff herein.

44.    This Defendant had constructive and actual knowledge that the undertaking or enterprise violated the TVPRA as to the Plaintiff.

45.    The modus operandi of the traffickers was to renew the room(s) rental daily.

46.    A continuous business relationship existed between the subject hotel, its agents, employees and staff, and Plaintiff's trafficker(s), in part, in that the hotel repeatedly rented rooms, and/or repeatedly renewed room rentals, to individual(s) they knew or should have known were involved in sex trafficking on the premises, including as to the Plaintiff.

47.     Plaintiff's traffickers had prior commercial dealings with the subject hotel which the trafficker and Defendant wished to reinstate for profit when Plaintiff's traffickers repeatedly rented rooms and/or repeatedly renewed room rentals that were used for trafficking of victims including Plaintiff.

48.    Defendant knew or should have known about the nature of the sex trafficking occurring at the subject hotel, including as they related to Plaintiff, a victim,  due to the many red flags then and there existing, including but not limited to: (a) constant foot traffic of sex buyers to the trafficker's rented room(s) to have sex with trafficked victim(s); (b) trafficked victim(s) would walk around hotel grounds drug and/or alcohol impaired, sleep deprived, hygiene impaired, behavior impaired, with visible bruising, malnourished, visibly under the age of 18 years, and in sexually explicit clothing; (c) suspicious individuals loitering outside the hotel room(s) when a sex buyer would enter a room(s); (d)  inside the hotel room(s) rented by the trafficker(s) (or at the direction of the trafficker(s)) there was a suspicious bunch of people and suspicious items including cash, drugs, drug paraphernalia, condoms, lubricants which was

observed by housekeeping staff and in plain sight of housekeeping staff; (e) trafficker(s) monitoring hotel hallway, door of room(s) and walking hotel perimeter; (f) trafficker(s) shadowing Plaintiff (or having another shadow Plaintiff) in plain sight of hotel staff; (g) Plaintiff soliciting for sex buyers on the hotel premises at the direction of her trafficker, (h) Plaintiff's room exhibited signs of commercial sex work, (i) loud noise and yelling emanating from room where sex trafficking of plaintiff was occurring and (j) other commonly known sex trafficking red flags which the above captioned Defendant knew or should have known of had anti-trafficking measures been timely and properly implemented at the hotel.

49.     Defendant's staff witnessed and observed on a regular and frequent basis signs and indicators of sex trafficking including items set forth in paragraph 48 above.

50.     When being trafficked at the subject hotel in 2017 through and inclusive of January 2018 Plaintiff interacted with Defendant's staff on a daily basis, and Defendant's staff witnessed and observed Plaintiff, her trafficker(s) as well as a frequent procession of sex buyers going in and out of the subject rented rooms, contemporaneous with other signs and indicators of trafficking occurring on the subject premises.

51.     Plaintiff knows that individuals that witnessed and observed red flags indicative for suspicion for sex trafficking were staff members in that the staff were readily identifiable to Plaintiff either by her knowing of the individual and/or by means of the staff wardrobe/nametag/hotel logo and/or by means of a staff member being in an employee restricted area.

52.     Defendant's failure, by its agents, servants, staff, and employees, to timely and properly prevent the sex trafficking or timely intervene regarding same was a proximate and competent cause and substantial factor in causing Plaintiff's severe injuries in this case including,

but not limited to, being the child victim of sex trafficking when at this subject hotel and suffering personal injury and the trauma physically and mentally of being induced to engage in commercial sex with multiple sex buyers per day,  while being trafficked, and while simultaneously being under fear of severe harm or death if she did not comply as well as all residual injuries suffered by PTSD.

53.     This Defendant, during the relevant time period, could deny accommodation and/or eject a guest for a number of reasons including, but not limited to, (1) guest visibly under the influence of drugs or alcohol, (2) guest creating a nuisance to the public; (3) guest believed to use a hotel room for unlawful purposes, (4) guest uses hotel amenities and premises for unlawful acts, (5) guest brings in extra unregistered guests, (6) guests behavior reasonably disturbs other guests (7) guest violates other rules set by the hotel and (8) for other indicated reasons.

54.     Plaintiff being sex trafficked at this subject hotel was a proximate cause, competent cause and substantial factor in causing her severe and permanent injuries including but not limited to personal injuries including the horror of being a child victim of sex trafficking as well as significant levels of psychological trauma due to the levels of abuse she was caused to endure during the time she was trafficked. This trauma led to depression, anxiety disorders, and PTSD, which in turn affects daily functioning.

55.     As a direct and proximate result of Defendant's multiple failures to act, mandate, establish, execute anti-trafficking measures and modify their anti-trafficking efforts at its hotel property, Plaintiff was sex trafficked, sexually exploited, and victimized repeatedly at Defendant's hotel in violation of the TVPRA.

56.     As a consequence of being sex trafficked at the subject hotel, Plaintiff suffered

and will continue to suffer substantial economic, physical, mental, emotional, psychiatric, psychological injuries as the result of being trafficked and sexually exploited at the subject hotel in violation of 18 U.S.C. §1591.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendant as identified in the above-referenced Count and as follows:

a)   All available compensatory damages for the described losses with respect to the above cause of action;

b)   Past and future emotional distress;

c)   Consequential and/or special damages;

d)   All available noneconomic damages, including without limitation pain, suffering, and loss of enjoyment of life;

e)   Disgorgement of profits obtained through unjust enrichment;

f)   Restitution;

g)   All damages allowable under the TVPRA;

h)   Reasonable and recoverable attorney's fees;

i)   Punitive damages with respect to each cause of action;

j)   Costs of this action; and

k)   Pre-judgement and all other interest recoverable

## DEMAND FOR JURY TRIAL

Plaintiff respectfully requests a trial by jury on all issues so triable.

Dated: August 29, 2024

Respectfully submitted,

/s/Rebecca Newman, Esq.
Douglas and London, P.C.
59 Maiden Lane, 6th Floor
New York, NY 10038
Telephone: (212) 566-7500
Facsimile: (212) 566-7501
rnewman@douglasandlondon.com

Randolph Janis, Esq.
(Motion to be made for Pro Hac Vice admission)
Douglas and London, P.C.
59 Maiden Lane, 6th Floor
New York, NY 10038
Telephone: (212) 566-7500
Facsimile: (212) 566-7501
rjanis@douglasandlondon.com

Chloe Makowsky, Esq.
(Motion to be made for Pro Hac Vice admission)
Douglas and London, P.C.
59 Maiden Lane, 6th Floor
New York, NY 10038
Telephone: (212) 566-7500
Facsimile: (212) 566-7501
cmakowsky@douglasandlondon.com

*Attorneys for Plaintiff*